UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIE L. SOWDER, Executrix of the Estate of Tony R. Sowder, Deceased,<br><br>    Plaintiff,<br>-vs-<br>UNITED STATES OF AMERICA,<br><br>    Defendant. | NO.  CV-02-0136-WFN<br><br>FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW |

The Court conducted a bench trial on September 7, 2005. Gary Randall and James Workland represented the Plaintiff; Jeffrey Swyers and Jennifer Auchterlonie represented the Defendant. Live testimony was taken from Douglas Sowder and Patrick Terhaar. The Court also accepted deposition designations for James Bockemuehl, Victoria Leisher, Alan Rubens, and Marie Sowder. Closing briefs were filed on September 28, 2005, October 11, 2005, and October 12, 2005. (Ct. Recs. 78-81).

**I. BACKGROUND**

Mr. Tony Sowder died testate on May 11, 1995. In his self-prepared Last Will and Testament, Mr. Sowder bequeathed each of his three children the sum of $200,000. Mr. Sowder left the remainder of his estate to his spouse, Plaintiff Marie Sowder. The Will provides:

> All the rest, residue and remainder of my estate, both real and personal, of every nature and wherever situate, of which I may die seized or possessed, I give, devise and bequeath unto my wife, Marie L. Sowder, *if she survives me, and if she does not survive me, or dies before my estate is distributed to her*, to my issue me surviving, in equal shares per stirpes.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 1

(emphasis added). Also of relevance, Mr. Sowder's Will nominates Mrs. Sowder as the executrix of the estate and gives her complete power to administer the estate without intervention of the courts.

In 1996, the Plaintiff filed a federal estate tax return for Mr. Sowder's estate claiming that no tax was due based, in part, on the marital deduction. The return was audited and the Internal Revenue Service [IRS] found deficiencies in the federal estate taxes. The estate agreed to the assessment of the taxes and the Plaintiff, as Executrix of the estate, paid the IRS $828,678 for estate taxes and $128,576 in interest in October, 1997. The Plaintiff paid an additional interest payment of $5,480.98 in December, 1997.

In March 1999, the Plaintiff filed a claim for refund with the IRS. That claim was denied. Plaintiff filed the instant action on April 19, 2002, and on December 12, 2002, this Court granted Plaintiff's motion for summary judgment, finding that Mr. Sowder intended a marital deduction gift and that any language to the contrary was inconsistent with Mr. Sowder's broad gift of the residue estate to Mrs. Sowder. The Court also denied the Defendant's request for additional discovery pursuant to Fed. R. Civ. P. 56(f).

On August 18, 2004, the Ninth Circuit reversed this Court's order denying the Government the right to conduct discovery under Fed. R. Civ. P. 56(f). The Circuit held that the Government should have had the opportunity in order to rebut the affidavits submitted by the estate. *See* R.C.W. 11.108.010(4). The Circuit directed this Court to permit the Government to conduct discovery and then make a factual finding on the testator's intent.

**II. PRELIMINARY MATTERS: APPLICATION OF R.C.W. 11.108, et seq.**

The Court determined in its prior order that R.C.W. 11.108, et seq., was applicable to this case. *See* Order on Summary Judgment (filed December 12, 2002). The law of the case generally precludes a court from "reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). However, the Court may exercise its discretion to reconsider an issue if: "(1) the

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 2

first decision was clearly erroneous and would result in manifest injustice; (2) an intervening change in the law has occurred; or (3) the evidence on remand was substantially different." *Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703, 715 (9th Cir. 1990)(citation omitted).

Defendant challenged the applicability of the Washington statute at summary judgment, and again on appeal. *See* Appellant's Ninth Circuit Brief, at 22. The Ninth Circuit did not reverse this Court's determination on the issue. To the contrary, the Ninth Circuit explicitly cites R.C.W. 11.108.010(4) in its memorandum disposition. The Defendant offers no new basis for its argument that the statute should not apply.

Finding no basis to consider its prior determination, the Court therefore applies R.C.W. 11.108, et seq., and will consider the extrinsic evidence proffered by the parties to determine whether Tony Sowder intended the gift to his wife to qualify for the marital deduction.

### III.  FINDINGS OF FACT

Based on the testimony received on September 7, 2005 and the deposition designations submitted by the parties, the Court **FINDS**:

1. Tony Sowder died testate on May 11, 1995, survived by his wife, Marie Sowder, and three adult children.
2. Mr. Sowder prepared his own Last Will and Testament, dated January 25, 1983.
3. In the Will, Mr. Sowder bequeathed each of his three children the sum of $200,000.
4. The sum of $600,000 is the amount that could be passed tax-free to a beneficiary, other than a spouse, in 1987.
5. Mr. Sowder bequeathed his tools to his two sons, Doug Sowder and Gregg Sowder, in equal shares.
6. The remainder of the estate was left to Mr. Sowder's spouse, Marie Sowder, through the following language in the Will: "All the rest, residue and remainder of my estate, both real and personal, of every nature and wherever situate, of which

I may die seized or possessed, I give, devise and bequeath unto my wife, Marie L. Sowder, if she survives me, and if she does not survive me, *or dies before my estate is distributed to her*, to my issue me surviving, in equal shares per stirpes." (Emphasis added).

7. Mr. Sowder's handwritten notes regarding the changes to be incorporated into the January 25, 1983 Will do not contain the language "or dies before my estate is distributed to her."

8. Mr. Sowder was a tax-wise businessman and individual.

9. As a general proposition, Mr. Sowder did not want to pay any more tax than necessary.

10. The 1981 change in the tax law, which created the unlimited marital deduction, was well publicized.

11. A U.S. News & World Report article dated September 21, 1981, which addressed the change to the marital deduction, was found in Mr. Sowder's papers after his death.

12. It is more probable than not that Mr. Sowder read the September 21, 1981 article.

13. The documentary and testimonial evidence demonstrates that Mr. Sowder understood the concept of deferring taxes until the second death (as between him and his spouse).

14. "Last to die" insurance was purchased by the Sowder Family Trust in 1991. The insured were Tony and Marie Sowder.

15. "Last to die" insurance pays a benefit only upon the death of the last surviving insured person.

16. Mr. Sowder did not make any changes to his 1983 Will after the "last to die" insurance was purchased in 1991.

17. Marie Sowder understood from her discussions with Mr. Sowder that estate taxes

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 4

would be due only upon that last of her or Mr. Sowder to die.

18. Considering the totality of these circumstances, the Court finds that Mr. Sowder intended his gift to Marie Sowder to qualify for the marital deduction when he drafted his 1983 Will.

## IV. CONCLUSIONS OF LAW

The Court makes the following **CONCLUSIONS OF LAW**:

1. The marital deduction generally allows a person to leave their property to their surviving spouse exempt of the federal estate tax. *See* 26 U.S.C. § 2056(a)

2. In 1981, Congress increased the amount of the decedent's estate that could pass tax free to his or her spouse from one-half of the estate to the entire estate. *See generally*, *Chiles v. U.S.*, 843 F.2d 367, 369 (9th Cir.1988).

3. The terminable interest rule is an exception to the unlimited marital deduction. It provides that if a "lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest." 26 U.S.C. § 2056(b). However, for a bequest that is conditioned upon survival of the spouse, the terminable interest rule does not apply where the period is limited to not more than six months and the spouse in fact survives such period. 26 U.S.C. § 2056(b)(3).

4. In interpreting a will under Washington law, the Court must determine the testator's intent. R.C.W. § 11.12.230; *see also In re Estate of Patton*, 6 Wash. App. 464, 467 (1972)("The intention of the testator is to be determined, if possible, from the terms of the will itself, although in determining the meaning of language employed by the testator in his will to accomplish that intent, the court may consider extrinsic evidence of the facts and circumstances surrounding the writing of the will.").

5. "The testator is presumed to have known the law at the time of execution of his

will." *In re Estate of Mell*, 105 Wash.2d 518, 524 (1986).

6. Under Washington law, "the term "marital deduction gift" means a gift intended to qualify for the marital deduction as indicated by a preponderance of the evidence including the governing instrument and extrinsic evidence whether or not the governing instrument was found to be ambiguous." R.C.W. 11.108.010(4). Washington law further provides that if it is determined that the testator intended a marital deduction gift, "the governing instrument shall be construed to comply with the marital deduction provisions of the Internal Revenue Code in every respect." R.C.W. 11.108.020(1).

7. Examining the intent of Mr. Sowder when he drafted his Will, including the well-publicized change in the law that occurred prior to Mr. Sowder executing his 1983 Will, the Court concludes that the Plaintiff has demonstrated by a preponderance of the evidence that Mr. Sowder's gift to Mrs. Sowder qualifies for the marital deduction. As stated above, Mr. Sowder's Will makes specific bequests of $600,000, which equals the amount that would pass free of estate tax for deaths after 1987. Mr. Sowder was aware of the change to the tax law in 1981 which created the unlimited marital deduction. Mr. Sowder also did not change his 1983 Will after purchasing "last to die" insurance in 1991, thus evidencing his belief that the Wills he drafted for himself and Mrs. Sowder in 1983 would qualify the first to die for the unlimited marital deduction.

9. Alternatively, under Washington law, "where, as here, an estate is given in one part of a will in clear and decisive terms...it will not be taken away or cut down by doubtful language of a subsequent clause, but only by positive provision in words as clear and decisive as those which created the estate." *In re Douglas' Estate*, 65 Wash. 2d 495, 499 (1965). Mr. Sowder's broad gift of the entire residue of his estate if she survived him is inconsistent with the later provision taking away the

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 6

1 | residue if Mrs. Sowder failed to survive to the distribution of the estate. By disregarding the negative, inconsistent disqualification, the Court concludes that Mr. Sowder's estate plainly qualifies for the marital deduction under 26 U.S.C. § 2056(a).

Accordingly,

**IT IS ORDERED** that:

1. Within ten (10) days of the date of this Order, Plaintiff shall file a proposed Judgment consistent with this Order together with an itemized statement of damages and attorneys' fees, if claimed.

2. Defendant shall file a responsive brief regarding the amount of damages and fees claimed no later than ten (10) days from Plaintiff's filing.

3. Plaintiff shall file her reply brief, if any, no later than five (5) days from Defendant's filing.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** 10th day of November, 2005.

11-10

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
UNITED STATES DISTRICT JUDGE

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 7